UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILBERT HARRIS GREGORY,

        Plaintiff,

v.

HEIDI WASHINGTON, *et al*.,

        Defendants.

_____/

Case No. 4:21-cv-10408
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 62) AND DENYING WITHOUT PREJUDICE DEFENSE COUNSEL CHAPMAN LAW GROUP'S AND ITS ATTORNEYS' AUGUST 25, 2023 RENEWED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT WHIPPLE (ECF No. 59)</u>**

## I.  Introduction

Plaintiff, proceeding *in forma pauperis*, filed the instant action on February 5, 2021 against sixteen Defendants. (ECF Nos. 1, 4, 5.) Following the Court's September 1, 2022 order, four Defendants remain – Mary Zamora, Darrel Barrows, Keith Papendick, and Connie Whipple. (ECF No. 42.) Barrows, Papendick, and Whipple are or have been represented by the Chapman Law Group and its attorneys. (ECF Nos. 6, 14, 16, 18, 28.)

On February 13, 2023, Tehum Care Services, Inc., doing business as Corizon Health Services, Inc., filed a voluntary petition for bankruptcy. *See*

1

*Tehum Care Services, Inc.*, Case No. 23-90086 (S.D. Tex.).[1] In June 2023 and July 2023, substitutions of counsel were entered for Papendick and Barrows by attorneys from Hackney Odlum & Dardas, leaving only Whipple represented by the Chapman Law Group and its attorneys. (ECF Nos. 53, 57.)

Judge Leitman has referred this case to me for all pretrial matters. (ECF No. 23.) Currently before the Court is Defense Counsel Chapman Law Group's and its Attorneys' August 25, 2023 renewed motion to withdraw as counsel for Defendant Whipple (hereinafter "Insured") (ECF No. 59). Plaintiff has also filed a September 26, 2023 motion to appoint counsel. (ECF No. 62.) The Court held a hearing on both motions, via Zoom, on October 12, 2023 and ruled from the bench on both motions. For the reasons stated from the bench, which are hereby incorporated as though fully restated herein, both motions are **DENIED**.

II.   **Plaintiff's Motion to Appoint (ECF No. 62)**

With respect to the motion to appoint, as the Court explained to Plaintiff during the hearing, proceedings *in forma pauperis* are governed by 28 U.S.C. §

---

[1] In May 2023, Chapman & Associates, P.C., doing business as Chapman Law Group, filed a lawsuit against YesCare Corp, Isaac Lefkowitz, and Scott King. The amended complaint sets forth causes of action based on promissory estoppel, fraudulent inducement and negligent misrepresentation, unjust enrichment, and conversion. Case No. 2:23-cv-11210-BAF-KGA (E.D. Mich.) (ECF No. 14, therein).

2

1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead, it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted). The Court sincerely wishes that it were possible to simply appoint counsel to *pro se* cases, as the presence of counsel very often renders litigation more efficient and undoubtedly renders aid to litigants who lack legal training; however, given the limited number of attorneys who are willing to take on these assignments when the case is already in trial mode, the Court knows from experience that obtaining qualified counsel for prisoner litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys. Thus, for now, and for the reasons additionally explained on the record, Plaintiff's motion to

3

appoint counsel (ECF No. 62) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

### III.  Defense Counsel's Motion to Withdraw (ECF No. 59)

Further, Defense Counsel Chapman Law Groups motion to withdraw (ECF No. 59) is also **DENIED WITHOUT PREJUDICE**, for a variety of reasons.

First, defense counsel apparently did not provide notice to Whipple of the hearing – as required by my Practice Guidelines for motions to withdraw – and thus she was not provided an opportunity to appear and state any objection or comment.  Moreover, the Court is not persuaded that the interests of Whipple and those of counsel, as expressed by counsel during the hearing, are currently in conflict with one another, but rather appear to be, at least for now, aligned.  Indeed, any contingent issues related to the bankruptcy matter and its interplay with this case and that particular representation do not appear to be yet ripe.  Finally, given the particular posture of this case, where most of the litigation is in a relative holding pattern pending the progression of the bankruptcy matter and the consideration of the pending motion for summary judgment, there appears to be no prejudice to counsel to stay on for the time being.  If circumstances

4

change in the future, or if counsel can more clearly articulate a present and actual conflict of interest, the matter can be revisited. On the other hand, the issues which now cause counsel concern about the representation of Defendant Whipple may well become moot upon the complete or partial resolution of issues now pending before the Bankruptcy Court. At this point, however, counsel has not shown how continued representation would potentially violate counsel's ethical duties or the Michigan Rules of Professional Conduct.

**IT IS SO ORDERED.**[2]

Dated: October 13, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).